JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HUERTA,<br><br>      Plaintiff,<br><br>   v.<br><br>COVINA CARE CENTER, INC., et al.,<br><br>      Defendants. | Case No. 2:21-cv-07055-FLA (SKx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. 7] AND DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT [DKT. 9]** |

## RULING

Before the court are two motions: (1) Plaintiff Joseph Huerta's ("Plaintiff" or "Huerta") Motion to Remand (Dkt. 7) ("MTR"); and (2) Defendant Covina Care Center, Inc.'s ("Defendant" or "Covina Care Center") Motion to Dismiss Plaintiff's Complaint (Dkt. 9) ("MTD"). Defendant opposes Plaintiff's Motion to Remand. Dkt. 15 ("Opp'n to MTR"). Plaintiff opposes Defendant's Motion to Dismiss. Dkt. 19 ("Opp'n to MTD"). On October 12, 2021 and November 11, 2021, the court found the MTR and MTD appropriate for resolution without oral argument, respectively, and vacated the hearings on the Motions. Dkts. 18, 21; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

///

For the reasons stated herein, the court GRANTS Plaintiff's Motion to Remand and REMANDS the action to the Los Angeles Superior Court. Defendant's Motion to Dismiss is DENIED as moot.

## BACKGROUND

This case arises in connection with the death of Maria Huerta ("Decedent"). Plaintiff pleads the following facts in the Complaint. Dkt. 1-1 ("Compl."). The court states these allegations for context only and does not make any findings of fact regarding the truth of these allegations.

On or about June 25, 2018, Decedent was admitted to Covina Care Center following a hospital stay for respiratory failure. *Id.* ¶ 17. According to Plaintiff, Covina Care Center failed to administer Intrapulmonary Percussive Ventilation (IPV) treatments every six hours to treat Maria's respiratory condition and prevent pneumonia, as was ordered by her doctor. *Id.* ¶¶ 17, 21. As a result, Decedent developed pneumonia, which required emergency hospital treatment. *Id.* ¶ 23. Furthermore, Decedent was noted to have a stage one bed sore upon admission to the hospital. *Id.*

After Decedent was discharged from the hospital and returned to Covina Care Center, Decedent developed severe rashes on her buttocks and her private areas, but Covina Care Center failed to provide any treatment. *Id.* ¶ 24. Also, while Decedent had dementia and required twenty-four-hour monitoring to prevent her from removing her gastronomy tube, Plaintiff was informed by Covina Care Center staff on or about March 16, 2019, that Decedent had pulled out her gastronomy tube on earlier that day. *Id.* ¶ 25.

Throughout her stay at Covina Care Center, Decedent frequently became ill with pneumonia and lung infections. *Id.* ¶¶ 25-26. Decedent was hospitalized for pneumonia in December 2020, and discharged to Covina Care Center in late December 2020 or early January 2021. *Id.* ¶ 27.

///

On January 14, 2021, Covina Care Center called Huerta to request authorization to administer a COVID-19 vaccine to Decedent. *Id.* ¶ 28. Huerta refused to provide authorization until he could consult with Decedent's physician regarding her ability to receive the vaccine given her medical conditions. *Id.* Shortly thereafter, without obtaining consent, Covina Care Center administered the COVID-19 vaccine to Decedent. *Id.* ¶ 29. The next day, Decedent received a second dose of the COVID-19 vaccine. *Id.* ¶ 30. Approximately five to ten days later, Decedent was transferred to the hospital for emergency services, after she began to have serious health complications. *Id.* ¶ 30. On January 27, 2021, Plaintiff was informed by hospital physicians that Decedent's body appeared to be reacting as if it had an infection, but the physicians had been unable to locate an infection. *Id.* ¶ 31. Decedent passed away later that day on January 27, 2021. *Id.* Based on her symptoms, Plaintiff believes Decedent passed away due to complications from the COVID-19 vaccinations. *See id.*

On July 26, 2021, Plaintiff commenced this action in the Los Angeles County Superior Court, as personal representative of Decedent's Estate and in his individual capacity, alleging causes of action for: (1) wrongful death; (2) negligence; (3) elder abuse; (4) violation of the Patient's Bill of Rights; (5) violation of the Unfair Competition Act ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.; (6) willful misconduct; (7) constructive fraud; (8) fraudulent concealment, Cal. Civ. Code § 1710 et seq.; and (9) negligent infliction of emotional distress. *See generally* Compl.

Defendant removed this action to federal court on September 1, 2021, asserting three grounds for the court's subject matter jurisdiction: (1) federal question jurisdiction because the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d, 247d-6e (2006) (the "PREP Act") completely preempts Plaintiff's state-law claims; (2) federal question jurisdiction because Plaintiff's Complaint raises a substantial federal question; and (3) federal officer jurisdiction under 28 U.S.C. § 1442(a)(1) because Defendant was sued for acts undertaken at the direction of a federal officer. *See generally* Dkt. 1.

**DISCUSSION**

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)).

In ruling on a motion to remand, jurisdiction is generally determined from the face of the complaint. *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985). The court may remand the action sua sponte "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *United Invs. Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

**I.   Federal Question Jurisdiction (28 U.S.C. § 1331)**

Federal district courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "This rule makes a plaintiff the 'master of his complaint': He may generally avoid federal jurisdiction by pleading solely state-law claims." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005).

In support of its claim of federal question jurisdiction, Defendant argues that two exceptions to the well-pleaded complaint rule apply here—namely, that the Public Readiness and Emergency Preparedness Act (the "PREP Act") preempts state law and

provides an exclusive federal cause of action, and a federal question is embedded in the state-law claims. *See generally* Opp'n to MTR. Both theories fail.

### A.    PREP Act Preemption

Passed in 2005, the PREP Act, 42 U.S.C. § 247d, provides immunity to "covered persons" against claims for losses due to the administration or use of a "covered countermeasure" in a declared public health emergency, such as the COVID-19 pandemic. 42 U.S.C. § 247d-6d(a)(1). "Covered countermeasures" include items such as drugs, biological products, devices used to prevent or treat a serious disease, and respiratory protective devices. 42 U.S.C. § 247d-6d(i)(1). "Covered persons" who may be immune from liability include manufacturers, distributors, and program planners of such countermeasures. *Id.* § 247d-6d(i)(2). If immunity applies,[1] the injured person or their survivors may seek compensation from an administrative program that provides reimbursement for some losses associated with the use of covered countermeasures. *Id.* § 247d-6e. The only exception to the Act's immunity from suit and liability of covered persons under subsection (a) is for death or serious physical injury proximately caused by willful misconduct, in which case an injured person or her representatives may file a claim in the United States District Court for the District of Columbia. *Id.* § 247d-6d(d). On March 10, 2020, the Secretary of HSS declared the COVID-19 pandemic a public health emergency under the PREP Act, thereby authorizing liability protection for use of covered countermeasures (the "Declaration"). 85 Fed. Reg. 15198-01.

As an exception to the well-pleaded complaint rule, the complete preemption doctrine recognizes that "Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in

---

[1] The parties dispute whether the PREP Act applies to Plaintiff's claims and whether Defendant is entitled to immunity under the Act. *See* MTR 23-25. Because the court finds it lacks subject matter jurisdiction in this action, the court need not resolve this issue and remands this question to the state court to decide.

character." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). In the Ninth Circuit, "complete preemption for purposes of federal jurisdiction under § 1331 exists when Congress: (1) intended to displace a state-law cause of action, and (2) provided a substitute cause of action." *City of Oakland v. BP PLC*, 969 F.3d 895, 906 (9th Cir. 2020). When a state-law claim is completely preempted by a federal claim, it ceases to exist and is "'recharacterized' as the federal claim that Congress made exclusive." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1058 (9th Cir. 2018) (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 61 (2009)). Complete preemption, however, rarely applies. *City of Oakland*, 969 F.3d at 905-06 ("The Supreme Court has identified only three statutes that meet [its] criteria: (1) § 301 of the Labor Management Relations Act …; (2) § 502(a) of the Employee Retirement Income Security Act of 1974 (ERISA) …; and (3) §§ 85 and 86 of the National Bank Act….").

In *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 688 (9th Cir. 2022), the Ninth Circuit concluded "the PREP Act is *not* a complete preemption statute," explaining "[t]he text of the statute shows that Congress intended a federal claim only for willful misconduct claims and not claims for negligence and recklessness." Applying the two-part test articulated in *City of Oakland*, 969 F.3d at 906, the Ninth Circuit found that "the PREP Act neither shows the intent of Congress to displace … non-willful misconduct claims … related to the public health emergency, nor does it provide substitute causes of action for [such] claims." *Saldana*, 27 F.4th at 688.

Accordingly, the court finds the PREP Act does not completely preempt Plaintiff's state-law claims. Defendant's theory of federal question jurisdiction on this basis fails.

B.  **Embedded Federal Question**

Next, Defendant contends the court has subject matter jurisdiction because a federal question is necessarily embedded in the state claims asserted in the Complaint. Opp'n to MTR 21.

///

For a state law claim to provide federal question jurisdiction, the "state law claim [must] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). "That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

Here, Defendant has not demonstrated that federal jurisdiction lies under *Grable*. Plaintiff's claims do not necessarily raise a substantial federal issue because they do not require the interpretation or challenge the constitutional validity of any federal statute. *See City of Oakland*, 969 F.3d at 906-07 (finding no federal jurisdiction under the "slim category" articulated in *Grable* where the claim "neither require[d] an interpretation of a federal statute nor challenge[d] a federal statute's constitutionality" (citation omitted)). Rather, interpretation of the PREP Act arises only because Defendant has asserted it as a shield to liability. A federal issue that is raised as a defense is not sufficient grounds to establish federal question jurisdiction. *City of Oakland*, 969 F.3d at 907 n. 6; *see also Caterpillar*, 482 U.S. at 393 ("[A] case may not be removed to federal court on the basis of a federal defense … even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); *Stone v. Long Beach Healthcare Center, LLC*, No. 2:21-cv-00326-JFW (PVCx), 2021 WL 1163572, at *7 (C.D. Cal. Mar. 26, 2021) (finding plaintiff's claims did not present an embedded question under *Grable* because PREP Act immunity was merely related to defendant's defense and "not necessarily raised" by plaintiff's claims). The court, thus, lacks subject matter jurisdiction over Plaintiff's state-law claims under this theory of federal question jurisdiction.

## II.      The Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1)

Finally, Defendant argues removal is proper under 28 U.S.C. § 1442(a)(1), which provides for removal when a Defendant is sued for acts undertaken at the direction of a federal officer.  Opp'n to MTR 22.

Under the federal officer removal statute, a civil action may be removed to federal court by "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office…."  28 U.S.C. § 1442(a)(1) ("§ 1442").  In the Ninth Circuit, federal officer removal is available to a defendant under § 1442(a) if: (1) the removing defendant is a "person" within the meaning of the statute; (2) there is a causal nexus between the removing party's actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (3) the removing party can assert a colorable federal defense.  *Stirling v. Minasian*, 955 F.3d 795, 800 (9th Cir. 2020).

The federal officer removal statute is an exception to the "well-pleaded complaint" rule, which requires a federal question to appear on the face of the complaint for jurisdiction to be proper, rather than raised as an anticipated or actual defense.  *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999), *superseded by statute on other grounds as discussed in Sawyer v. Foster Wheeler LLC*, 860 F.3d 249, 258 (4th Cir. 2017).  In other words, the statute allows removal of suits against federal officers and people acting under them so long as: (1) a "connection or association" exists between the act in question and the federal office; and (2) their defense depends on federal law.  *Id.*

Defendant argues that as a result of the COVID-19 pandemic, senior living communities were designated "critical infrastructure" which allowed the federal government to enlist the aid of private parties to ensure the continued operation of infrastructure vital to the United States.  Opp'n to MTR 23.  The court disagrees.

Although the federal officer removal statute is "liberally construed" in favor of removal, "[a] private firm's compliance (or noncompliance) with federal laws, rules,

and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official,' … even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." *Watson v. Philip Morris Cos.*, 551 U.S. 142, 147, 153 (2007). "A contrary determination would expand the scope of the statute considerably, potentially bringing within its scope state-court actions filed against private [entities] in many highly regulated industries." *Id.* In connection with this specific issue, the Ninth Circuit has recognized that "[i]t cannot be that the federal government's mere designation of an industry as important—or even critical—is sufficient to federalize an entity's operations and confer federal jurisdiction." *Saldana*, 27 F.4th at 685. As the court explained, a healthcare provider's "status as a critical infrastructure entity does not establish that it acted under a federal officer or agency, or that it carried out a government duty." *Id.* (affirming the remand of similar claims asserted against a nursing home for lack of federal subject matter jurisdiction).

Accordingly, the court lacks subject matter jurisdiction over Plaintiff's state-law claims under this theory of federal question jurisdiction.

### III. Defendant's Request for Stay

In the event the court grants Plaintiff's Motion to Remand, Defendant requests the court temporarily stay the remand under Fed. R. Civ. P. 62(a) to allow Defendant to appeal the court's denial of 28 U.S.C. § 1442 federal officer jurisdiction. Opp'n to MTR 1; *see* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal" <u>unless</u> the action "was removed pursuant to section 1442 [the federal officer removal statute] or 1443 [civil rights cases]…."). As § 1447 does not provide for a stay of execution pending such appeal, the grant or denial of a stay "rests squarely in the sound discretion of the district court." *Poore v. State of Ohio*, 243 F. Supp. 777, 782 (N.D. Ohio 1965). Since the Ninth Circuit has already ruled on this issue in *Saldana*, 27 F.4th at 679, the court declines to stay the remand pending an appeal.

**CONCLUSION**

For the foregoing reasons, the court GRANTS Plaintiff's Motion to Remand (Dkt. 7), and REMANDS the action to the Los Angeles Superior Court. Defendant's Motion to Dismiss (Dkt. 9) is DENIED as moot.

IT IS SO ORDERED.

Dated: September 29, 2022

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge